No. 1731.—THE URSULINE NUNS *v.* JOHN CONNELLY.—MECHANICS' AND TRADERS' BANK, and WALTER G. ROBINSON, garnishees.

| 22 51 |
| 113 365 |

Partnership assets pledged to a creditor of the partnership can not be seized by garnishment process for an individual debt of one of the partners.

APPEAL from the Fourth District Court of New Orleans. *Théard,* J. *A. Robert,* for plaintiff and appellee. *Randolph, Singleton & Browne,* for garnishees, appellants.

TALIAFERRO, J. The plaintiffs, having a judgment against the defendant, took out process of garnishment against the bank and Walter G. Robinson. The answers of the garnishees disclosed that the defendant, Connelly, had pledged to the bank a certificate of stock amounting to $5640, as collateral security for the payment of two thousand dollars loaned to George Connelly & Co. by the bank, for which it held the promissory note of the firm, John Connelly being one of the partners. Robinson, the president of the bank, stated in one of his answers that at the request of George Connelly, a member of the firm, the certificate was transferred to Robinson, individually, with the understanding that he was to hold the same, and out of the proceeds to pay in the first place the two thousand dollars loaned, and the balance,

if any, to be applied, as he understood it, to the indebtedness of George Connelly & Co. to him individually, the amount then owing to him exceeding nineteen thousand dollars. He further stated the firm of George Connelly & Co. is hopelessly insolvent, and that it owes the Mechanics' and Traders' Bank, Cruzat, the cashier, and himself nearly, if not quite, one hundred thousand dollars. That he may safely answer that John Connelly, the defendant, individually, owns no part of the scrip pledged; that it belonged to the firm of George Connelly & Co., and was transferred as stated. He claims a privilege upon this partnership asset, which he avers is superior to any claim of the creditors of individual members of the firm. Cruzat, the cashier of the bank, answered on the part of the bank, and his answers are in substance the same as those of Robinson. The answers of the garnishees were traversed. On the traverse John Connelly, the defendant, swore that no transfer by John or George Connelly of the scrip was ever made, except the one to the bank; and he connected with his testimony a receipt by Cruzat, the cashier, for the scrip, which sets forth that it was received from George Connelly & Co., and was to be returned to them on payment of their note for the loan of two thousand dollars. He added: "My brother never made any transfer of this certificate, to my knowledge."

The judgment of the lower court was in favor of the plaintiffs. It decreed a sale of the scrip, and directed that the proceeds should be applied, first, to pay the debt of two thousand dollars and interest due the bank, the remainder to the plaintiffs' judgment against the defendant. The garnishees have appealed.

We think the judgment erroneous. The scrip or certificate for $5640 was a partnership asset, and pledged to pay a partnership debt. A very large indebtedness of the commercial partnership of George Connelly & Co. to Cruzat, the bank and Robinson, is shown; and also that the partnership is insolvent. Robinson's evidence makes it pretty clear that George Connelly, one of the partners, caused the scrip to be transferred to Robinson, in order that he might be paid on his own individual claim against the firm whatsoever might remain of the proceeds of the scrip after paying the two thousand dollar note. John Connelly, in his testimony, contradicts this statement of the second transfer of the asset pledged, but qualifies it materially in the close of his testimony. The plaintiffs, we think, fail to show that the garnishees have anything in their possession belonging individually to the defendant. The scrip, belonging to the partnership, and pledged for vastly more than its amount for the payment of partnership debts, can not be seized for an individual debt of one of the partners.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that the garnishment proceeding taken by plaintiffs be dismissed at their cost.

Rehearing refused.